Our last case is 20-8053 Tri-County Telephone v. Campbell. Mr. Moyers. Good morning, your honors. My name is John Moyers. I represent TCT or Tri-County Telephone and its appeal of the district court's grant of summary judgment in favor of the defendant Joe Campbell and the denial of TCT's motion to reopen the case. My intent today, your honors, is to focus on the substantive issues involving the CFAA claim. I'm going to ask you to start with jurisdiction because we've already sent this back and said we don't have any we don't have jurisdiction because we don't have a final order in part because we have outstanding counterclaims that were dismissed without prejudice and despite twice being told you need to clean that up, they're still outstanding. So I don't think we have jurisdiction to hear the merits of this case. Thank you, your honor, for raising that issue. The court, when it dismissed the initial appeal, had done so on the basis of the belief that the counterclaims that Joe Campbell had filed and dismissed without prejudice denied this court appellate jurisdiction. On remand, we asked for a Rule 54B certification of that issue to the district court, which the district court denied not because of the counterclaims but because of the Defense with Trade Secret Act claims that had not been dismissed on a Rule 12B motion and TCT had denied the opportunity to relitigate that. The there are several things that have occurred since the court's dismissal of the underlying appeal that we believe that confer appellate jurisdiction to this court and that there are no impediments to this court having jurisdiction over the substantive issues. But before you go there, am I correct that there has never been a dismissal with prejudice of the counterclaims? That is correct. What happened is the defendant refiled those cases in state court. Well, they filed part of them. They filed their counterclaim for abusive process and malicious prosecution, but they didn't refile in state court the fraud and indemnification claims. And so, first of all, not all of them were filed in state court. But also, you haven't cited anything that says filing outstanding counterclaims in state court makes it impossible to refile them in federal court. And we often have concurrent jurisdiction and the Supreme Court has told us that we have to accept a case filed before us, even if it's pending in the state court. So, I am mystified how the filing in state court fixes our finality problem. So, I would refer the court to the Tenth Circuit's decision in a case called Jackson versus Volvo-Toyota trucks and this issue was its 1998 decision in Hyman, which stood for the general proposition that there is a dismissal of a claim without prejudice that it denies appellate jurisdiction. That was a case that has been cited actually for the rule that a party cannot voluntarily dismiss a counterclaim and thereby attempt to confer appellate jurisdiction. This court has already said, though, that rule does not apply in every circumstance and says that although a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable. But that's not true here. There's nothing about, first of all, this was dismissed in direct response to our order saying you don't have a final judgment. So, it certainly was done to create appellate jurisdiction. Secondly, there's nothing that would about this dismissal without prejudice or the pending state court case that would prevent filing these again in federal court. Well, we asked the district court for a Rule 54B certification. Excuse me. With respect to your claim, which was also dismissed without prejudice, isn't the DTSA claim now time barred? So, we believe that for it to be resurrected in this case, we would be able to fail ourselves a 15C that it would relate back to the previous filing. Well, but before you filed your amended answer or your amended complaint, weren't you time barred on that DTSA claim? I don't believe we were, Your Honor. That had not been raised as an issue. We believe it would relate back to the original pleading. This court has taken a practical view, Judge McHugh, I believe on this issue of when the order is effectively final. And in the servants of Periclete case that we had cited, it was a situation where the district court had dismissed without prejudice certain of the claims. Those were adjudicated there. And the court, again, sidestepped the main holding of the Hyman case and said that the district court's order of the dismissal without prejudice was effectively a final decision that allowed it to be appealed. Anything that prevented you from getting a dismissal with prejudice? Of the counterclaim? Well, I guess not, Your Honor. We asked the court to certify it because we felt that the issues raised in the counterclaim, which were essentially abusive process claims, were wholly distinct from the issues that we've been trying to have reviewed on appeal, which was the district court's ruling on the CFAA claims. I believe- Campbell's counterclaims? Those are different. Yes. Mr. Campbell's counterclaims were abusive process claims. You've got to be in a situation where you have a counterclaim or you have a claim that is still alive. Is that true? That is correct. We have our- well, the court granted summary judgment on the on the CFAA claim, which we've been trying to appeal. The Defense Trade Secret Act- was dismissed on a Rule 12b. TCT was given an opportunity to amend, which they didn't. They filed a Rule 15a motion for leave based on evidence that occurred in the discovery. Well, that was denied, wasn't it? The magistrate denied it. Yes, Your Honor. It took you seven months to do it. Well, exactly. There was discovery that it was occurred at the time that the TCT felt that- Stay with me for a minute. So, what we've got is a situation where the opponent's claims are dismissed without prejudice. They won't permit them to be dismissed with prejudice, but that bars you from appealing the one claim you really want to appeal. Isn't that right? That is correct. And we asked the district court for permission on Rule 54b so we could present that case, but instead- They turned you down. Turned us down for a different reason than this court wanted them to consider. This court wanted them to consider the counterclaim and have that reduced to a final judgment. And in the denial on the 54b, the district court focused on this Rule 12b dismissal. The Campbell counterclaim. The Campbell counterclaim, right. That was what you all wanted her to consider. And instead, she denied the 54b, not on the counterclaim, but based on the dismissal without prejudice of the Defense Trade Secret Act claim that we had. I thought you just said, though, that you could have successfully obtained a dismissal of Campbell's counterclaims with prejudice. And explain that further. Did you ask the court to dismiss those counterclaims with prejudice? We did not. What had happened is the plaintiff said that we had not. We had asked for a Rule 54b certification, and then when the appeal was dismissed, we asked to reopen the case to allow us to litigate the Defense Trade Secret Act. And the court refused that and entered the order that you've seen that we've attached that says that all matters are closed, all issues are closed. And we consider that to be her final and thus appealable order. Well, you know from our case law that what the district court says about finality doesn't decide whether it's final or not. We have to look at, you know, what's open. Right. I agree, Your Honor. But in this court's decision in the Jackson case, it said that the critical determination about the finality to our appeal is whether a party has been effectively excluded from the federal court. And when the district court refused to allow us to reopen the case so that we could litigate the Defense Trade Secret Act, when she had denied a Rule 54b saying there was an unadjudicated claim, we asked to adjudicate it. And when she's, when the district court said we were not allowed to, it is our position that we've been effectively excluded and that the Hyman general rule on dismissals without prejudice does not apply here. And that we... Oh, I'm sorry. The district court judge, if you didn't ask her to do what we instructed you to do in our previous appellate order. Well, we asked her to reopen the case. We asked her for a Rule 54b certification. And then what she identified was something other than what this court was concerned with. We attempted to reopen the case and she declined that invitation. I'm not sure what else we were able to do under the circumstances. Did you ever ask Mr. Campbell to dismiss his counterclaims with prejudice? We had not. We had not. So our feeling was that by him refiling the counterclaims in state court, that he had effectively removed those cases from the federal system, conferring jurisdiction. It didn't cover all of them though, did it? It was our belief that he had. He filed essentially abusive process and a malicious prosecution claims which were contained in the counterclaim in the federal action. But the federal counterclaim also had a fraud and indemnification claim, didn't it? It did. In the counterclaim. So not everything was filed in state court. Okay. We have felt that our hands have been tied with the district court by refusing to reopen the case. So if the court feels that the district court, if there's still work to be done in the district court on both the plaintiff's counterclaim or the defendant's counterclaim in our Defense Trade Secret Act case, I mean, we would certainly invite the case, the chance to litigate those cases. We believe that the facts that support our CFAA claim certainly support the Defense Trade Secret Act case. And we have been hoping to be able to litigate that. The denial by the judge magistrate Rankin was on timeliness. And we believe that the district court improperly reviewed our request to reopen the case as a consideration of that dismissal. And we strenuously objected to that. The judge Rankin's decision was based on timeliness that has existed the time that scheduling order. And when that scheduling order was no longer in place, we felt that we were well in a position to be able to reopen. The decision was actually based on the deadline set by the court separate from the the court. Well, it was also part of the specific order from the court. Well, I mean, you're right in a sense, Your Honor, in the sense that they gave them specific permission, the way the federal courts have approached this, as you know, under Rule 15, that if you file a motion for leave within the time that's permitted by a Rule 16 order or by the court's order, then that is freely, that is given without really kind of any issue. If you are asking that based on facts that are discovered in the case, that that warrants a Rule 15a motion for leave, then that the analysis of the court is different. So we felt that the Rule 15a request that we had to amend was timely under the rule based on the discovery that occurred, but clearly outside the time frame set by the court. Did you make the motion under 15a? Is that the rule you cited? We did. And now, as I understand it, your argument has changed a little bit. Are you now arguing it under 16c as an amendment to the scheduling order? Well, we don't have a scheduling order, so not really. We believe that leave should be freely given to allow us. We believe once the court allows us to, if this matter, if the appeal is dismissed and the district court reopens the case, she will enter a new Rule 16 scheduling order that I assume would have a Thank you, counsel. I'll probably give you some rebuttal. Let's hear from Mr. Biggs. Thank you. My name is Stephen Biggs. I represent Barbara Campbell, who's the personal representative of the late Joel Campbell's estate, who's the appellee. I could pick up and address the jurisdiction. I just do want to clarify one issue, though, on what was discussed at the tail end of counsel's argument. There was a scheduling order in place. It's just that all the deadlines have expired. It's not that there's no scheduling order. And in the reply brief from didn't they argue 16c? They did for the first time in the reply brief. The problem with that is, go ahead, sorry. No, I was just confused after the discussion with Mr. Moyers. Okay, yeah, that appears in the reply brief. The problem with that is that under Rule 16b-4, if you want to modify deadlines in a scheduling order, you have to show good cause. There's never even an attempt by TCT in this case to show good cause for modifying the scheduling order to have an out-of-time amendment of their complaint. In fact, that was one of the reasons the magistrate judge denied the motion for leave to amend clear back in 2018. And that has not changed to date. And as the panel has struggled, there really isn't jurisdiction in this case. What's the status of Campbell's counterclaims? Are they kaput in federal court or are they still alive? And have you done anything to block Tri-County's ability to get a dismissal with prejudice? Well, I assume that they could try and file some sort of motion with the district court to seek a dismissal with prejudice. I'm not sure how that would work where the claims have already been dismissed without prejudice. They're not currently in the district court case. Like Judge McHugh said, two of the claims have been refiled in state court. Those have not yet been litigated to their merits. And that's part of the problem. If you want to have jurisdiction here, we would have to have the counterclaims litigated to their merits or they would need to be time-barred. And the same with Defend Trade Secrets Act. Or dismissed with prejudice. They could be dismissed with prejudice. And so, I mean, it kind of seems like, you know, your client doesn't seem to have any so that your opponent can move forward with an appeal of the merits. That doesn't seem appropriate. The problem is, is the dismissal with prejudice in the federal district court case could operate through res judicata as if it's considered a determination of merits because it's with prejudice to preclude the litigation of those claims in state court. So, it's not really practical for my client to go into the district court right now and say, I want to now dismiss all of my counterclaims with prejudice. Because the implication is that the with prejudice dismissal means my client is dismissing them on their merits. I can't bring them again and put a bar. Well, how did it come to pass that the counterclaims were dismissed without prejudice? At the time when there was the jurisdictional show cause order by this court, there was a request that they be dismissed. My client wasn't willing to give up its right to pursue those claims, but was willing to remove them from the federal case without prejudice dismissal. So, we've got a situation where you prevailed on your summary judgment and by refusing to dismiss with prejudice, you bar your opponent from ever appealing. I don't think that they're barred from ever appealing. I think there were routes that could have been taken that weren't here. There was a motion for a Rule 54B certification and the judge in the district court gave TCT an option for getting, you know, to getting appellate jurisdiction. They just didn't even want to discuss the issue of separability of the Defend Trade Secrets Act claim and their CFAA claims. Had TCT voluntarily dismissed with prejudice or said it was no longer going to pursue its Defend Trade Secrets Act claim, it could move forward and appeal. It could have gotten a Rule 54B certification and move forward with its appeal of the CFAA claims. That was turned down. It was turned down because they didn't want to argue whether they were separable and they wanted to try and reopen the case. Now, one of the issues is that if the Defend Trade Secrets Act claim becomes time barred for refiling, then there could be an argument that that claim is now final and they don't have another option. TCT doesn't have another option to further litigate it in federal court. There are ways that jurisdiction can be created here. It's just the events that would cause that haven't happened and that's why... Did Campbell oppose 54B certification? We argued that the claims weren't separable because I don't think under an honest analysis of them that they are when you perform that Rule 54B analysis. Why isn't this case functionally final? I mean, the court, thinks it is. TCT thinks it is. I don't see a path for any litigation for whatever's left of Campbell's case and there's no evidence that there's any interest in it. I think there might be cases in our circuit that allow a federal dismissal with prejudice to still permit state court litigation. If it's a practical analysis, why isn't this case dead as a doornail in district court? I mean, otherwise, TCT gets in the door in district court and can never leave. It's like the Hotel California of district court litigation. No, I understand the frustration and I think that when the counterclaims have been adjudicated on their merits in the state court case and the time for refiling or bringing the other two counterclaims that weren't filed has passed, I mean, the statute of limitations has run, I do think at that point you have finality and then you have a final decision and it's ripe for appeal. But under the current jurisprudence of this court, that's when that would happen. It's not now just because it's difficult to do something, but there's still that possibility. There's just simply not finality. I would, I'm happy to continue to address this. I would also like to address the merits, if this court's inclined to look at the merits. Go ahead, proceed. Okay. I think if you get to the merits of this case on the CFAA claim, it really comes down to the meaning of the word obtain. The two provisions of the CFAA that were sued on both require obtaining something and a causal nexus between either obtaining information or obtaining something of value. The temporal requirement you're talking about. Exactly, yes. All right, well, I couldn't tell from the file whether the court ever actually got to the question of whether anything had been taken after the computers had been called back or after he no longer was on the board and had a right to the documents. I could never tell whether there was in fact a conclusion on that issue. Yeah, it was determined that it was undisputed that all of the information that TCT was alleging that was taken was received by Joe Campbell before. Well, he downloaded it from the hard drive of the computer after that. It stayed there and if he took it down to his own computer afterwards, that could very well come within the statute, couldn't it? No, it couldn't because the word obtain really means to acquire possession of something. It's like when I buy a car. I may buy a car and then I take it home and I acquire possession of it. I park it in my garage. Each time I go back into and get into my car to drive I'm not obtaining my car again. If it's my car and I'm letting you use it while you're a member of the board of directors and then you leave the board of directors and you keep using it, that's a little different. That may give rise to a conversion claim but it doesn't mean that I'm re-obtaining it each time I use it. I'm just accessing it again and this statute is very clear in its plain language that the access has to result in obtaining something. That's why there's the temporal requirement that the district court found. He actually downloaded from the hard drive to his personal possession no longer on the computer owned by the other party after they said give us back the computer. That was information that had already been acquired. It was information he already had access to but he hadn't obtained it for his own use. I have access to 10th circuit materials that I get to use because I am a judge on this circuit. If I retire even though I had access to them before and somehow I hack into the 10th circuit's private website and I start printing out information, I think I'd be in trouble. Well you're talking about a different act than we have here. You're talking about hacking into the 10th circuit website. I'm just talking about obtaining. What if they forgot to disable my password but they've told me you can't access it anymore and I don't have. I just enter. I'm still obtaining information that I don't have permission to use. That's the problem. It's not whether you have permission to use the information. It's under the statute that's thereby obtained on A2 and the other one is by means of such conduct obtained something of value. A helpful case on that is the PC Yonkers case out of the 3rd circuit. In that case it involved party city franchisees and those party city franchisees sued a former a former employee of their franchisor for allegedly accessing after his employment had been terminated, no longer had the ability to access it, the database of the franchisor party city and using it to view information that he could use in a competing business. The claim there was brought under subsection A4 of the CFAA and the 3rd circuit said there was never any proof on the claim. It was decided on a motion preliminary injunction and the denial of that preliminary injunction was upheld because the 3rd circuit said there wasn't enough evidence to show that he actually obtained anything. That merely accessing and viewing wasn't enough. He had to actually obtain something. That's this case. Mr. Campbell's accused of getting onto a laptop when he was told to return it and viewing data that he already had on that laptop in his possession and that's why a CFAA claim has not been established here. There's also the alternative ground that the district court gave a failure to show damage or loss. Now in the district court TCT did not even argue damage. He argued loss. Correct. So I was going to say its attempt to argue damage here on appeal has been waived because that was not presented in the district court. The argument of loss breaks down really to three different losses which as the district court found weren't significantly shown to have been losses that resulted from the alleged violation of the CFAA. Those losses included an amount of money for various different amounts of employee time but the affidavit that was given by the TCT CEO on that time didn't explain what was done during that time. I see you have a question Judge Kelly. Why has your time stopped at 3 53? I do not know. There we go. There it goes. It's magic. I must have said the wrong word. So on the affidavit that was submitted by the CEO of TCT he simply stated that employees had spent such and such hours totaling a certain amount of time. He never explained how those hours related to any kind of effort to investigate or remediate some sort of loss or damage caused by the alleged violation of the CFAA. Because remember the alleged violation of the CFAA here was that Mr. Campbell was accessing documents on a laptop retained in his possession after his membership on the board ended. It's not quite clear how that employee time related to any sort of remedial measures or specific conduct. Well they do say that they directed inspection of the company's computer system and Mr. Campbell's access of the company system from the computers he used and documents provided to Mr. Campbell while he was a director after they became aware of his data breaches. I mean that seems to me like a loss related to investigation which is clearly anticipated by the act and it's a pretty low threshold of 5,000. I mean why isn't that enough? I believe your honor you're reading from the brief correct? I thought I was reading from the record but you could be right. It may have been because that's what the brief says but that's not what the affidavit says. The affidavit says simply TCT invested approximately 79 hours of technician time, 58 hours of administrative time, 104 hours of administrator time and 148 hours of chief technical officer time for a total cost to TCT of $24,369.95. It doesn't actually say what those people were doing or how it actually connected to the alleged violation of the CFAA and that's the problem. Your loss has to actually be connected to some sort of investigation or remedial measure for the violation of the CFAA that's been alleged. You can't just go and decide you want to shore up your computer systems or whatever else when it's not actually tied to the violation that you're prosecuting. That's also one of the problems with the costs that listed in the Davidson affidavit for supposedly doing computer upgrades and the payments to Microsoft Office 360. It's not clear how any of those relate to Mr. Campbell's alleged act of accessing data on a laptop he retained after his membership on the board terminated. If they were trying to shore up issues with people trying to hack into their system or things like that, it was shown that Mr. Campbell never actually accessed their systems after his membership from the board terminated. The only thing he accessed was the laptops that he's retained in his possession. So that's the problem with the loss is that there's just no causal tie. I only have 20 seconds. If there's any questions, I'll take them. Otherwise, I'll cede my time. Thank you, counsel. Ms. Fasio, give 60 seconds to Mr. Muir for some rebuttal. Thank you, your honor. I appreciate the questions on jurisdiction. My intent was to address the substantive issues of the CFAA. Let me just go back. I think it's important, Judge Timkovich, on your statement about the practicality of the appellate jurisdiction dilemma that we're in. I feel like we're a ship between two shores and neither has won us. I think the court's review of the Heinemann opinion would allow for this appeal to go forward. I think it's noteworthy that the defendant did not join neither the motion for Rule 54 certification or the motion to reopen and our hands are effectively tied. I would strongly disagree with the characterization of the district court's opinion. When you read her opinion, she has shown that we have established all the constituent elements that have been identified in the CFAA claims in the 1,800 federal cases that have interpreted the CFAA. None use the word temporality. I think the district court's error is not in the temporality, but how she's qualified information to say that it's only a violation if that information was previously unknown to Campbell. That flies in the face of every federal court case that has considered this issue of where people have gathered information through an unauthorized access when they're a former employee. The insider hack, obtaining information that was previously known to them when they had privileges, previously permission to drive Judge Kelly's car, when that has been revoked, that is a computer trespass that is clearly within the four corners of the act in action. Thank you for your time. We appreciate the arguments. This will be submitted in your excuse.